UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WARING PARK, | | 3:14-cv-00554-MMD-WGC |
| | Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | | |
| UNITED STATES, | | |
| | Defendant. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed In Forma Pauperis (IFP) (Doc. # 1)[1] and pro se Complaint (Doc. # 1-1).

## I. APPLICATION TO PROCEED IFP

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1] Refers to court's docket number.

LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

From his application, it appears Plaintiff cannot pay the filing fee. Therefore, the court recommends that his application to proceed IFP be granted.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

1 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

2 A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The gravamen of Plaintiff's Complaint is that he submitted an application to the Social Security Administration (SSA), and they have advised him a decision has been made but will not advise him as to its disposition. (Doc. # 1-1 at 2.) He contends that this conduct violates his rights under the Fifth Amendment (due process), Fourth Amendment (taking of property in the form of benefits), and the Eighth Amendment (cruel and unusual punishment due to denial of Medicare benefits). (Doc. # 1-1 at 2.)

The court finds Plaintiff does not state a claim upon which relief may be granted. First, there is no plausible claim that Plaintiff's due process rights have been violated because it is not apparent that he in fact has a property interest in the form of disability benefits because he alleges that the SSA is determining whether or not he is entitled to such benefits and has not provided him with this disposition. For the same reason, he cannot plausibly assert a claim that his Fourth Amendment rights have been violated by virtue of the fact that he has not been granted benefits. The Eighth Amendment claim likewise fails because there is no recognized

1  claim based on the denial of Medicare benefits to which Plaintiff may or may not be entitled
2  under the Eighth Amendment.

3  To the extent Plaintiff is seeking judicial review because he his application for benefits
4  has been denied by virtue of the alleged failure of the SSA to provide him with a disposition,
5  Section 42 U.S.C. § 405(g), only provides for judicial review of a "final decision of the
6  Commissioner of Social Security[.]"  A claimant's failure to exhaust administrative remedies
7  under section 405(g) deprives a district court of jurisdiction. *See Bass v. Soc. Sec. Admin.*, 872
8  F.2d 832, 833 (9th Cir. 1989). Here, Plaintiff alleges he has not been given the disposition of his
9  application for benefits to the SSA; therefore, it is implied that he has not exhausted his
10 administrative remedies which would give this court jurisdiction for judicial review of a final
11 decision of the Commissioner.

12 Finally, the court notes that Plaintiff has only sued the United States. "[T]he United
13 States, as sovereign, is immune from suit save as it [expressly and affirmatively] consents to be
14 sued." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (citation and quotation marks
15 omitted). Absent a waiver of sovereign immunity, a court lacks jurisdiction over a suit against
16 the United States or one of its agencies. *Dunn & Black P.S. v. United States*, 492 F.3d 1084,
17 1087 (9th Cir. 2007). The party asserting a claim against the United States bears "the burden of
18 establishing [the government's] unequivocally expressed waiver." *Id*. at 1088.

19 As a result, the court recommends that Plaintiff's action be dismissed. The dismissal
20 should be with prejudice as it does not appear the defects noted can be cured by amendment;
21 however, once he has a final decision from the Commissioner on his application for benefits,
22 Plaintiff may file a new action for review of the decision after he has exhausted his
23 administrative remedies. His constitutional claims related to the alleged failure to provide him
24 with the disposition of his application, however, should be dismissed with prejudice.

25 ///
26 ///
27 ///
28 ///

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (Doc. # 1) and directing the **Clerk** to **FILE** the Complaint (Doc. # 1-1); and

(2) **DISMISSING** the Complaint (Doc. # 1-1) **WITH PREJUDICE**; except, that Plaintiff may file an action for review of the Commissioner's final decision on his application for benefits to the SSA after he receives a decision and has exhausted his administrative remedies.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: April 13, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE