UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WARING PARK,<br><br>                           Plaintiff,<br>     v.<br>UNITED STATES,<br><br>                          Defendant. | Case No. 3:14-cv-00554-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

      Before the Court is Magistrate Judge William G. Cobb's Report and Recommendation ("R&R") (dkt. no. 4), regarding Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (dkt. no. 1) and pro se Complaint (dkt. no. 1-1). The Court allowed Plaintiff to file any objections by April 30, 2015 (dkt. no. 4). No objections have filed.

      This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See*

*United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The gist of Plaintiff's Complaint is that he applied for benefits with the Social Security Administration ("SSA") and has been informed that a decision has been made on his application although he would not be informed as to the nature of that decision.  The R&R recommends dismissal of Plaintiff's claims with prejudice because Plaintiff cannot assert any constitutional violations based on these allegations. Upon review of the R&R and the record in this case, the Court determines that it is appropriate to adopt the R&R in full.

It is hereby ordered that the R&R (dkt. no. 4) is accepted and adopted. Plaintiff's IFP application (dkt. no. 1) is granted.

It is further ordered that the Clerk shall file the Complaint (dkt. 1-1).

It is further ordered that the Complaint is dismissed with prejudice. Dismissal of the Complaint does not bar Plaintiff from filing a new action for review of the Commissioner of Social Security's final decision on Plaintiff's application for benefits to the SSA after he receives a decision and has exhausted his administrative remedies.

DATED THIS 19th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE